UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                    Bankruptcy No. 12-30913
                                                                                                   Chapter 7
Marcus E. Larson and Debra L. Larson,

        Debtors.
_____/

**MEMORANDUM AND ORDER**

The matter before the Court is the Chapter 7 Trustee's objection to Debtors' claim that their insurance policies are exempt under North Dakota law.

Section 541(a)(1) of the Bankruptcy Code provides that, at the commencement of a case, the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). The Code allows debtors to exempt certain property from their bankruptcy estates. 11 U.S.C. § 522(b)(1). "Exempt property is excluded from property of the estate available to satisfy debts." Benn v. Cole (In re Benn), 491 F.3d 811, 813 (8th Cir. 2007). Exemption statutes are construed liberally in favor of the debtor. Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630, 631 (8th Cir. 1991).

Section 522(b)(2) authorizes states to opt out of the federal scheme of property exemptions enumerated in section 522(d). 11 U.S.C. § 522(b)(2). Exercising this grant of authority, North Dakota enacted its own set of property exemptions for purposes of bankruptcy, limiting its residents to claiming the state exemptions rather than the federal exemptions. See N.D.C.C. § 28-22-17.

A party in interest may file an objection to the list of property claimed as exempt. Fed. R. Bankr. P. 4003(b)(1). An objecting party has the burden of showing that an

1

exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Bankruptcy Rule 4003(b)(1) specifies the time constraints for filing an objection to exemptions:

> Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. P. 4003(b)(1).

An objecting party's failure to promptly object precludes him from challenging the validity of the exemption even if the debtor had no colorable statutory basis for claiming it. Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44 (1992). Absent a court granting a request to extend the period for objecting to a debtor's claimed exemptions beyond the 30-day period, the claimed exemption will be allowed. Id. at 644.

Debtors Marcus E. Larson and Debra L. Larson filed a voluntary Chapter 7 bankruptcy petition on December 5, 2012. They filed their schedules and statements on December 19, 2012. On Schedule B, Debtors listed "New York Life Insurance Policy" with a value of $9,011.40 and "Thrivent Financial, Life Insurance" with a value of $17,671.99. Debtors claimed the full value of both ($26,683.39) as exempt under section 26.1-33-40 of the North Dakota Century Code on Schedule C.

The Trustee began the meeting of creditors under section 341 on January 11, 2013. The meeting was not adjourned on that day, however. Rather, the Trustee continued the meeting to February 1, 2013, and concluded it that day. The Court received no objections to Debtors' claim of exemptions within 30 days after the meeting of creditors was adjourned.

2

Debtors filed amended Schedules B and C on February 27, 2013. On amended Schedule B, Debtors listed the following life insurance policies:

New York Life Insurance policy ending in 5228 for Debra Larson in the amount of $8,409.76;

Thrivent Financial life insurance policy ending in 8515 for Debra Larson in the amount of $3,668.82;

New York Life Insurance policy ending in 8788 for Nathaniel Larson in the amount of $1,479.69;

Thrivent Financial Life Insurance policy ending in 1195 for Marcus Larson in the amount of $6,416.28;

Thrivent Financial Life Insurance policy ending in 3892 for Alexander Larson in the amount of $5,123.52;

Thrivent Financial Life Insurance policy ending in 8433 for Marcus Larson in the amount of $1,202.08; and

Thrivent Financial life insurance policy ending in 8252 for Marcus Larson in the amount of $2,086.83.

The total value of the policies Debtors listed increased by $1,703.59, from $26,683.39 on their original Schedule B to $28,386.98 on their amended Schedule B. Debtors amended Schedule C to list the policies individually and claim their full value as exempt under section 26.1-33-40 of the North Dakota Century Code.

The Trustee filed an objection to Debtors' claimed exemptions on March 29, 2013, more than 30 days from the date the meeting of creditors was concluded and exactly 30 days after Debtors filed their amended schedules. Citing section 28-22-03.1(5) of the North Dakota Century Code, the Trustee asserts that Debtors' claimed exemption in the life insurance policies is limited to $8,000.00 for each Debtor.[1] The

---

[1] Section 28-22-03.1(5) provides an exemption for:

The debtor's aggregate interest, not to exceed in value eight thousand dollars less any amount of property transferred in the manner specified in 11 U.S.C.

3

Trustee further asserts "[t]here is no basis in fact or law that would permit the debtors to exempt the cash value equity described in their amended schedule C." Objection to Debtors' Exemptions, ECF Doc. No. 37, at 1.

Debtors filed a response to the Trustee's objection on April 3, 2013. They assert that the deadline for the Trustee to object to their amended exemptions was 30 days from the date they filed the amendment. Because they filed an amended Schedule C on February 27, 2013, and the Trustee did not file his objection until March 29, 2013, they assert the objection was untimely.

The Court held a hearing on the Trustee's objection on May 2, 2013. Several hours before the hearing Debtors filed a Withdrawal of Objection, conceding that Debtors can only exempt the cash value of insurance policies up to $8,000 for each Debtor. See ECF Doc. No. 47. Although the Trustee's objection was no longer contested, the Court conducted a hearing on the matter to explore whether the Trustee waived his right to object to the $26,683.39 in insurance policies exempted in Debtors' original Schedule C because he failed to object to these exemptions within 30 days after the meeting of creditors was completed. See Fed. R. Bankr. P. 4003(b)(1).

At the hearing, the Trustee argued that when Debtors filed their amended Schedules B and C, they reopened the time to object, allowing the Trustee to reexamine and object to any claimed exemption–whether claimed in Debtors' original or amended Schedule C–within 30 days of the amendment to the schedules. The Court inquired

---

542(d), in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

N.D.C.C. § 28-22-03.1(5).

4

about the persuasiveness of this argument given the ruling in Grueneich v. Doeling (In re Grueneich), 400 B.R. 680 (B.A.P. 8th Cir. 2009). In this case, the Eighth Circuit Bankruptcy Appellate Panel stated: "The filing of an amended schedule does not reopen the time to object to the original exemptions." In re Grueneich, 400 B.R. at 684 (footnoted omitted).

Since neither party had considered the issue raised by the Court, the Court granted both parties time to research and brief the question of whether filing amended exemptions within the 30-day period following the conclusion of the meeting of creditors extends the period for an interested party to file an objection to the original exemptions to 30 days beyond the amendment. The Court also granted the parties an opportunity to brief the Court on the extent to which Debtors were entitled to exempt the value of their insurance policies under North Dakota law.

In his Memorandum of Law regarding the timeliness of his objection, the Trustee asserted that his objection was timely for two reasons. First, relying on In re Woerner, 483 B.R. 106, 109-12 (Bankr. W.D. Tex. 2012), the Trustee asserts that a party in interest may object to any claimed exemption within 30 days of an amendment to the schedules.[2] The court in In re Woerner based its decision on the plain language of

---

[2] The Trustee also argued that the timing of Debtors' amendment (within 30 days following the meeting of creditors) was significant. Specifically, he asserts that because amended Schedule C was filed during the 30-day period following the conclusion of the meeting of creditors, the 30-day period to object to the originally claimed exemptions extends to 30 days from the date the amendment was filed. The Trustee claims that this interpretation is necessary in order to give meaning to the phrase "whichever is later" in Bankruptcy Rule 4003(b)(1). The Court found no support for the Trustee's argument. To the contrary, there appears to be a number of scenarios that give meaning to the phrase "whichever is later." For example, when the meeting of creditors is conducted within the 30-day period after an amended exemption is filed. In that scenario, the phrase "whichever is later" is triggered and extends the deadline to object to the amended exemption to 30 days after the conclusion of the meeting of creditors.

5

Bankruptcy Rule 4003(b)(1) which provides, in pertinent part, that "'a party in interest may file an objection to the list of property claimed as exempt . . . within 30 days after any amendment to the list or supplemental schedules is filed[.]'" In re Woerner, 483 B.R. at 110 (quoting Fed. R. Bankr. P. 4003(b)(1)) (emphasis added). The In re Woerner court also found that the interdependence of exemption schemes suggests that objections to any exemptions are permissible within 30 days following an amendment to the schedules. Id. at 110.

Second, the Trustee argued that his objection is timely because Debtors' amendment modified the cash value of the insurance policies at issue in an attempt to exempt more value than North Dakota law allows. He contends that, by itemizing the policies and adding value to the exemptions claimed, Debtors waived their prior asserted exemption of the insurance policies and must rely upon their amended Schedule C only. In support of his assertion that the changes Debtors made to their insurance policy exemptions were material, the Trustee offered his affidavit in which he testified about his discussions with Debtors' counsel regarding the limit to life insurance policy exemptions prescribed under North Dakota law.

In Debtors' Brief in Response to Trustee's Objection to Debtors' Exemptions, Debtors argue that the principles outlined in In re Grueneich should govern this case. See ECF Doc. No. 51, at 2. Specifically, Debtors assert that the Trustee failed to timely object to Debtors' original exemption of insurance policies valued at $26,683.39 and maintain that their amendment to their exemption claims does not reopen the time to object to these exemptions. Debtors note that their amendment increased the value of the insurance policies by only $1,703.59 and the "Trustee's valid objection, if any, is for the difference between the original claimed amount and the amended claim amount or

6

$1,703.59." Id. Debtors did not argue the validity of their original or amended exemptions under North Dakota law or offer any evidence in support of these exemptions.

While the plain language argument outlined in In re Woerner is compelling, the majority of courts that have analyzed the deadlines established by Bankruptcy Rule 4003(b)–including the Eighth Circuit Bankruptcy Appellate Panel–have concluded that the filing of an amendment does not reopen the time to object to original exemptions not affected by the amendment. See, e.g., In re Grueneich, 400 B.R. at 684; Bernard v. Coyne (In re Bernard), 40 F.3d 1028, 1032 (9th Cir. 1994), cert. denied, 514 U.S. 1065 (1995); In re Kazi, 985 F.2d 318, 323 (7th Cir. 1993); In re Payton, 73 B.R. 31, 33 (Bankr. W.D. Tex. 1987); In re Gullickson, 39 B.R. 922, 923 (Bankr. W.D. Wis. 1984); see also 9 Collier on Bankruptcy ¶ 4003.03(1)(a) (16th ed. 2013).  "[I]f exemptions previously claimed have become final by the lack of a successful objection prior to the amendment, the objection may go only to those exemptions affected by the amendment." In re Kazi, 985 F.2d at 323.

Nevertheless, this Court need not reach this issue today because it finds the Trustee's second argument persuasive.  Debtors amended their Schedule C to increase their life insurance policy exemption and to separately list the life insurance policies.  The Trustee speculates that Debtors listed each policy in a misguided effort to support an argument that Debtor could exempt each life insurance policy that fell within the $8,000 limit prescribed under section 28-22-03.1(5) of the North Dakota Century Code.  Debtors do not dispute this allegation.  They also do not dispute the Trustee's interpretation of North Dakota law.  To the contrary, they concede that they are only entitled to exempt the cash value of insurance polices up to $8,000 for each Debtor.

7

<u>See</u> Withdrawal of Objection, ECF Doc. No. 47.  Debtors' amendment substantively revised their life insurance policy exemption and materially changed it.  By filing it, Debtors reopened the deadline to object to this exemption claim.  The Trustee's objection was filed within 30 days after the amendment was filed.  His objection is timely.

In his objection, the Trustee seeks an order denying Debtors' claim of exemption in the New York Life Insurance policies and Thrivent Financial Life Insurance policies, except to the extent of the $8,000 cash value for each Debtor.[3]  The Trustee's Objection to Debtors' Exemptions is SUSTAINED.  Debtors' claim that the aggregate interest in Thrivent Financial Life Insurance policies and New York Life Insurance policies valued at not more than $8,000 in cash value for each Debtor is exempt is ALLOWED.  To the extent Debtors claim an exemption in more than $8,000 in cash value per Debtor for these policies, their claims are DISALLOWED.

The Court has considered all other arguments and deems them to be without merit.

**SO ORDERED**

Dated this August 27, 2013.

*Shon Hastings*

**SHON HASTINGS, JUDGE**
**UNITED STATES BANKRUPTCY COURT**

---

[3] The Trustee did not quibble with the fact that Debtors cited to section 26.1-33-40 of the North Dakota Century Code as support for their life insurance policy exemptions in both their original and amended Schedule C.  This statute does not provide an exemption in bankruptcy.  The statute cited by the Trustee, section 28-22-03.1, provides an allowable exemption, however.  Like the Trustee, the Court will overlook Debtors' error and allow an exemption under section 28-22-03.1(5).

8